UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER E. MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>GRAYS HARBOR COMMUNITY HOSPITAL, et al.,<br><br>Defendant. | CASE NO. C11-5388BHS<br><br>ORDER DENYING STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER |

This matter comes before the Court on the parties' stipulated motion for entry of the proposed protective order (Dkt. 12). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

This Court's practice is to decline to enter overly broad stipulated protective orders or those that do not comply with the Court's requirements for protective orders. The parties may, of course, enter into a confidentiality agreement without the aid of the Court between themselves, but if and when parties request that the Court be involved, they must make the requisite showing discussed above. When parties seek entry of a joint stipulated protective order of the Court, the following must be present in a stipulated protective order before the Court is willing to consider its entry:

1. The parties must make a compelling showing that their interest in the various "confidential materials" described in the proposed order outweighs the public's right of access to Court documents.

2. The request must be narrow and the terms of the order may not give too much discretion to the parties to designate documents subject to the protective order. Any protective order entered by the court must be narrowly drawn and clearly identify the

class or type of documents subject to the order.

3. The proposed order may not be modified by agreement of the parties without the Court's signature of approval.

4. The order cannot grant "complete immunity" from any liability related to the disclosure of confidential, personal, or proprietary information as long as the disclosure is made pursuant to the terms of the protective order. Whether a particular disclosure violates federal, state, or local law, breaches contractual obligations, and/or violates another court's order is not before the Court by virtue of entering a stipulated protective order: a grant of "immunity" without due consideration of the facts and circumstances surrounding the disclosure would be improper and unjustified.

5. Finally, the order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

Because the proposed stipulated protective order submitted by the parties in this case does not comply with all of the Court's requirements, it is deficient. Therefore, the Court will not enter the stipulated protective order as currently drafted. The Court is, however, amenable to entering stipulated protective orders when they meet the certain criteria, as discussed herein.

Therefore, it is hereby **ORDERED** that the parties' stipulated motion for entry of the proposed protective order is denied **without prejudice** for the reasons discussed herein.

DATED this 22nd day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge